IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BODIN CONCRETE, L.P., | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-1695-K |
| | § | |
| CONCRETE OPPORTUNITY FUND II, LLC, | § | |
| | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's order granting Appellee Concrete Opportunity Fund II, LLC's ("Appellee") Application for Reimbursement of Fees and Expenses for Substantial Contribution ("Application"), dated February 27, 2014. Appellant Bodin Concrete, L.P. ("Appellant") asserts three points of error on appeal, arguing: (1) the bankruptcy court's conclusion that Appellee made a substantial contribution to the bankruptcy case such to support an award under 11 U.S.C. § 503(b)(3) and (4) was clearly erroneous; (2) the bankruptcy court erred in permitting certain testimony from a witness because it was clear that the witness did not have personal knowledge of the relevant facts and was not an expert; and (3) the bankruptcy court used an incorrect legal standard to determine Appellee's substantial contribution under 11 U.S.C. § 503(b)(3) and (4). For the following reasons, the Court **AFFIRMS** the bankruptcy court's order granting Appellee's application.

ORDER – PAGE 1

The factual background of this case is well known to the parties, therefore the Court will not restate it. This Court reviews the bankruptcy court's conclusions of law under a *de novo* standard, findings of fact under a clearly erroneous standard, and mixed questions of fact and law under a *de novo* standard. *See in re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir.), *cert. denied*, 531 U.S. 871 (2000). A bankruptcy court's findings of fact are reversed only if, based on the entire evidence, the appellate court is left "with the definite and firm conviction that a mistake has been made." *Mater of Young*, 995 F.2d 547, 548 (5th Cir. 1993).

In its first point of error, Appellant argues the bankruptcy court's finding that Appellee made a substantial contribution to support an award under 11 U.S.C. § 503(b)(3) and (4) was clearly erroneous. The Bankruptcy Code does not contain a definition of "substantial contribution", but the Fifth Circuit defined it as "a contribution that is 'considerable in amount, value or worth.'" *In re DP Partners Ltd. Partnership*, 106 F.3d 667, 673 (5th Cir. 1997). The Fifth Circuit also held that "a creditor's motive in taking actions that benefit the estate has little relevance in the determination whether the creditor has incurred actual and necessary expenses in making a substantial contribution to a case." *Id.*

At the conclusion of the hearing on Appellee's Application, the bankruptcy court orally pronounced its findings and ruling. The court specifically found that Appellee "provided direct and demonstrable benefits to this estate." In finding Appellee made a substantial contribution in Appellant's bankruptcy case, the court considered not only the witnesses' testimony at the hearing, but the entire record, including the pleadings that the parties asked the court to take judicial notice of. The court found Appellee provided value

to the estate by putting pressure on Appellant to improve its plan, secure approval of the plan, and then to carry out its plan. The bankruptcy court specifically noted "there was an improvement to creditors after [Appellee] got involved" because the proposed plan evolved into cash now for the creditors as opposed to a payout over time involving interest rates. Before Appellee's involvement, the court pointed out there was no creditors committee, and no other creditor had proposed a plan, although two creditors had filed a motion to convert or dismiss the bankruptcy case. The court also took note that Appellee's Application had, in general, support from Appellant's creditors who appeared at the hearing. The court concluded that, although the entirety of the evidence supported its finding of substantial contribution, the timeline of the case, specifically the progression and evolvement of the proposed plans, was itself significant support for the court's finding. The court awarded Appellee $50,000 of its requested $75,000, finding two other creditors Buzzi Unicem USA and Blue Star Materials LLC generated some value with the pressure they exerted.

In light of the Fifth Circuit's definition of substantial contribution as a "'considerable in amount, value or worth.,'" the Court concludes the bankruptcy court's findings of substantial contribution are supported by the evidence. *See DP Partners Ltd.,* 106 F.3d at 673. The Court affirms the bankruptcy court's factual finding that Appellee made a substantial contribution and that supported an award under 11 U.S.C. § 503(b)(3) and (4). *See Mater of Young,* 995 F.2d at 548 (reverse factual finding only if, based on the entire evidence, reviewing court is left "with the definite and firm conviction that a mistake has been made.")

In its second point of error, Appellant contends the bankruptcy court erred in allowing the testimony of Mr. Trey Monsour, Appellee's attorney, because he "was permitted to provide factual testimony about events which were not within his personal knowledge and he was not offered or qualified to give expert testimony." Appellant argues that Mr. Monsour's testimony was the only evidentiary support that Appellee provided any substantial contribution to the estate. This Court reviews the bankruptcy court's evidentiary rulings under an abuse of discretion standard. *In re Rapine*, 536 F.3d 512, 518 (5th Cir. 2008). The evidentiary ruling will be affirmed unless a "substantial right of the complaining party was affected." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 265 (5th Cir. 2007). Therefore, the appellant must prove that: "(1) the bankruptcy court abused its discretion; and (2) that the appellant's substantial rights were prejudiced." *In re Pequeno*, 223 Fed. Appx. 307, 308 (5th Cir. 2007). Appellant does not establish either that the bankruptcy court abused its discretion in permitting Mr. Monsour's testimony, nor that it's substantial rights were prejudiced. This point of error fails, and the Court affirms the bankruptcy court's rulings related to Mr. Monsour's testimony.

In its third point of error, Appellant argues the bankruptcy court erred in using an incorrect legal standard to measure substantial contribution under 11 U.S.C. § 503(b)(3) and (4). Appellant argues that the bankruptcy court "failed to take the additional step of quantifying the amount of benefit" Appellee conferred; in other words, a cost-benefit analysis. First, the Court points out that a bankruptcy court's finding of substantial contribution is a factual finding, not legal as Appellant asserts. *See Milo Butterfinger's, Inc. v. Two Down, Inc.*, No. Civ. 3:98-CV-5707-P, 1998 WL 292371, *2 (N.D. Tex. May 21,

1998)(Solis, J.). Therefore, this finding will be reversed only if, based on the entire evidence, this Court is left "with the definite and firm conviction that a mistake has been made." *Mater of Young*, 995 F.2d at 548.

Appellant does not cites the Court to any case law supporting its contention that a bankruptcy court is required to quantify the amount of the benefit when determining substantial contribution. This Court could not find any such case in its own research. This cost-benefit analysis may be a factor the bankruptcy court considers in its substantial contribution determination, but there is no requirement that the court quantify the amount of the benefit. In fact, courts recognize that "less readily calculable benefits" can support a finding of substantial contribution. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1420 (5th Cir. 1992). These kinds of benefits would be impossible to quantify. Therefore, the Fifth Circuit's holding in *DP Partners Ltd.*, that a more concrete standard should be addressed on a case-by-case basis is understandable in light of these "less readily calculable benefits." 106 F.3d 667 (5th Cir. 1997). To assume that the benefit could always be quantified and, therefore, be a requirement of the substantial contribution analysis is wrong and has been recognized by at least one bankruptcy court. *See In re Am. Plumbing & Mech., Inc.*, 327 B.R. 273, 282-83 (Bankr.W.D.Tex. 2005)("the benefit to the estate need not be reduced to, or expressible in, monetary terms").

The records reflects that the bankruptcy court, in reviewing the entire record before it, considered several factors when determining whether Appellee's actions had made a substantial contribution to the estate, including both calculable benefits (e.g., increased infusion of cash into the proposed plans, cash now plan versus payout over time) and "less

readily calculable benefits" (e.g., pressure from Appellee's presence because they were ready "to step in" and try to take control of Appellant, and Appellee's presence was an alternative to conversion proposed by another creditor). The court also factored in the contributions of two other creditors and, accordingly, reduced the amount awarded to Appellee. Ultimately, the court awarded an specific dollar amount to Appellee for its substantial contribution. This Court finds that the bankruptcy court's factual finding related to the calculation of Appellee's substantial contribution was not clearly erroneous. *See Mater of Young*, 995 F.2d at 548 (bankruptcy court's finding of fact will be reversed only if reviewing court is left "with the definite and firm conviction that a mistake has been made.")

For the foregoing reasons, the Court **affirms** the bankruptcy court's order granting Appellee's Application for Reimbursement of Fees and Expenses for Substantial Contribution dated February 27, 2014. The Clerk is hereby directed to "prepare, sign and enter the judgment" pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED.**

Signed October 23rd, 2014.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE